ABRAHAM V. VAN FLEET AND JOHN T. BIRD, ESQS.,
VICE-CHANCELLORS.

---

CHARLES MILLER

*v.*

THE HILLSBOROUGH MUTUAL FIRE ASSURANCE ASSO-
CIATION.

A mutual fire insurance association issued a policy to its treasurer on a
house owned by him. The policy contained several conditions, but not all of
the by-laws of the association. The treasurer afterwards sold the house and
lot to the complainant, and assigned the policy to him. The complainant,
during the negotiations, asked the treasurer, in the presence and hearing of

Miller v. Hillsborough Fire Association.

the secretary, whether the policy contained all the conditions of insurance, and he replied that it was all there, the secretary remaining silent. After a loss by the burning of the house, complainant brought an action at law on the policy, to which the association pleaded a by-law (not mentioned in the policy) which he had violated and thereby forfeited all right of recovery, to which complainant demurred, and his demurrer was overruled.—*Held*, (1) that the treasurer was presumed to know all the by-laws of the association, and complainant, as the assignee of his policy and also as a member, was presumed to have similar knowledge, and was therefore bound by such by-law, although not incorporated in his policy; (2) that as the officers of a mutual association cannot waive its by-laws, the defendants were not estopped by the treasurer's declaration to the complainant, nor by the secretary's silence when such declaration was made; (3) that, as there is no allegation of mistake on the treasurer's part, the policy cannot be reformed, nor defendants enjoined from setting up at law, as a defence, the condition alleged to have been violated by complainant.

Bill for relief. On general demurrer.

*Mr. J. D. Bartine*, for demurrant.

*Mr. G. S. Grosvenor*, for complainant.

THE CHANCELLOR.

The bill states that the defendants issued a policy of insurance against loss by fire to Runkle Rea, February 11th, 1881, upon a dwelling-house &c. in Hunterdon county, for $1,500, $800 of which was on the dwelling-house; that, February 15th, 1882, Rea sold the property and assigned the policy to the complainant by an assignment which was duly approved by the company; that the policy was under seal; that by it the company insured the property according to the terms of the constitution, by-laws and conditions of the association; that there were annexed to the policy certain "conditions of insurance," fourteen in number, each referring to one of the by-laws of the association; that at the time of and during the negotiations between the complainant and Rea for the purchase of the property, and about five days prior to the making of the assignment of the policy, the complainant asked Rea, who then was the treasurer of the association, in the presence and hearing of the secretary, whether the

policy contained all the conditions of insurance, and that there-upon, in answer to the question, Rea said, in the presence and hearing of the secretary, that it was all there, and the secretary made no reply to the complainant's question or to Rea's answer thereto, but permitted the complainant to believe that every condition that in any way affected or could affect the policy or contract of insurance was annexed to the policy, and that neither of them in any way gave the complainant any intimation of the existence of any condition not so annexed to the policy ; that the complainant, having full confidence in the integrity of Rea and the secretary, and knowing that the one was the treasurer and the other the secretary of the association, and thinking that Rea was able to give him correct information concerning the policy and contract of insurance and its conditions, and confiding in the declaration of Rea, and understanding and believing that the secretary by his silence assented to the truth of the before-mentioned statement, took the assignment, and that afterwards the dwelling-house was destroyed by fire ; that on making application for the insurance money the complainant, to his surprise, was informed that the company declined to pay, upon the ground that he had violated one of its by-laws, containing a condition of insurance not stated in the conditions annexed to the policy ; and that he brought a suit in the supreme court to recover the insurance money, in which he declared upon the policy, and the defendants pleaded the last-mentioned by-law, to which plea the complainant demurred, but the demurrer was not sustained. The complainant charges that the defendants omitted to state that condition of insurance among those annexed to the policy, with intent to mislead the assured, and that its action, in setting up the condition in question, is a fraud upon his rights. The bill prays that the defendants may be enjoined from setting up the condition and giving it in evidence upon the trial at law, and that the policy may be reformed so as to make it subject to the conditions of insurance annexed thereto alone, and so that it shall not be subject to the condition in question.

The association is a mutual company. Rea was a member and officer thereof. It is not alleged in the bill that he was not aware

of the existence of the by-law or condition in question. Indeed, as a member of the company, he is presumed to have known of its existence. There is no allegation of any mistake upon his part in reference to the conditions of insurance. It is obvious, therefore, that the prayer of the bill for a reformation of the contract could not be granted.

As assignee of the policy, the complainant became a member of the company also, and as such is presumed to have known, when he took the assignment, of the existence of the by-law. But he alleges that through the fraud of Rea, who was treasurer of the association, and the silence of the secretary when Rea made the declaration that the conditions annexed to the policy were all of the conditions of the insurance, he was deceived and induced to take the assignment; and he claims that therefore the association is estopped in equity from setting up the condition against him in the suit on the policy. As to Rea, his statements in the transaction were, under the circumstances, no more binding upon the company than those of a stranger would have been. *Barnes* v. *Trenton Gas Light Co., 12 C. E. Gr. 33.* Neither he nor the secretary could bind the association by his declaration or silence in respect to the matter in issue. The officers of a mutual insurance company cannot dispense with terms and conditions of insurance which by-laws of the company impose, unless they are authorized so to do. *Hale* v. *Mechanics Ins. Co., 6 Gray 169; Baxter* v. *Chelsea Mutual Ins. Co., 1 Allen 294.*

The charge of fraud on the part of the association is unaccompanied by any fact to support it. It rests upon the mere circumstance of the omission of the condition in question from the conditions stated in the policy. It has been decided, in the suit referred to in the bill (*Miller* v. *Hillsborough Assurance Association, 18 Vr. 393*), substantially that the condition is binding at law upon the complainant, notwithstanding the fact that it was not stated among the conditions in the policy, because by the policy it is declared that the insurance is accepted according to the terms of the constitution, by-laws and conditions of the association. If the omission would create an estoppel in equity, it would equally do so at law. The complainant insists that because

each of the conditions annexed to the policy refers to a by-law, the assured was thereby led to believe, and was at liberty to assume, that those conditions were all of the conditions contained in the by-laws.   But it is clear that a member of the company is chargeable with notice of all the by-laws of the company and of the conditions of insurance adopted by the company, whether contained in the by-laws or in resolutions.   And the complainant, being a member of the company by virtue of the assignment to him, is chargeable with such notice.   As the policy was not a fraud upon Rea, to whom it was issued, and as he could not complain of the enforcement of the by-law in question against him, so the complainant, who stands in his place, cannot be relieved from the operation thereof.   As the company would not be estopped, by the omission of the by-law from the policy, from setting it up against Rea, it cannot be estopped from setting it up against Rea's assignee.   As before stated, no estoppel is created by the silence of the secretary when the declaration made by Rea was made to the complainant, or the fact that such declaration was made by one who was the treasurer of the association.

The demurrer will be allowed.